UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

DOMINIC E. HODGE                 PLAINTIFF

v.              CIVIL ACTION NO. 5:17-CV-P103-TBR

CALLOWAY COUNTY JAIL              DEFENDANT

## MEMORANDUM OPINION AND ORDER

Plaintiff, Dominic E. Hodge, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the claims against Defendant will be dismissed, and Plaintiff will be afforded an opportunity to amend his complaint.

## I. SUMMARY OF CLAIMS

Plaintiff names as Defendant Calloway County Jail, where he was incarcerated when he filed the complaint. Plaintiff alleges that after he filed a grievance at the Calloway County Jail about an incident occurring on May 27, 2017, he was "on the receiving end of retaliation and discrimination" from deputies at the jail. He states that the deputies did not respond to his questions or requests, he was severely punished for speaking out about injustices, and he was placed in isolation for minor write-ups. He further states that, in contrast, he has seen white inmates use profane insults on deputies yet receive no punishment.

Plaintiff further alleges that he was segregated from other inmates due to discrimination for having filed several grievances. He also alleges that the Class D coordinator told him that "'black males' aren't allowed to work at her work program due to the way we talk amongst each

other." He states that when he told her that black males should not be discriminated against, she responded, "'Rather you like it or not this is how it's going to be because I said so.'"

As relief, Plaintiff asks for monetary and punitive damages, as well as injunctive relief in the form of transfer to another facility.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id*. at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Defendant Calloway County Jail is not a "person" subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983. S*ee Marbry v. Corr. Med. Serv.*, No. 99-6706, 2000 WL 1720959 at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983). In this situation, it is Calloway County that is the proper

defendant in this case. *Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990) (construing claims brought against the Jefferson County Government, the Jefferson County Fiscal Court, and the Jefferson County Judge Executive as claims against Jefferson County itself). Further, Calloway County is a "person" for purposes of § 1983. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658 (1978). The Court will therefore construe the claims against Calloway County Jail as brought against Calloway County.

When a § 1983 claim is made against a municipality, like Calloway County, a court must analyze two distinct issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable solely because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Monell*, 436 U.S. at 691 (emphasis in original); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in *Pembaur*).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "identify the policy, connect the policy to the

[municipality] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), overruled on other grounds, *Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of Cty. Comm'rs of Bryan Cty., Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that plaintiff must demonstrate "deliberate conduct").

Here, Plaintiff has not alleged that a policy or custom of Calloway County caused his alleged harm. Thus, he fails to state a claim against Defendant. Accordingly, the claims against Defendant will be dismissed.

"[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act]." *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). The Court will allow Plaintiff an opportunity to amend his complaint to name individual employees of Calloway County Jail in their individual capacities and to describe how each named Defendant allegedly violated his rights.

### III. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the § 1983 claim against Defendant is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(l) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that **within 30 days** from the entry date of this Memorandum Opinion and Order, Plaintiff may amend the complaint to name Defendant(s) in

4

his/their individual capacity(ies) and to describe the facts surrounding how each Defendant allegedly violated his rights. The Clerk of Court is **DIRECTED** to place the instant case number and "Amended" on a § 1983 complaint form and send it, along with three blank summons forms, to Plaintiff for his use should he wish to amend the complaint. The Court will conduct an initial review on the amended complaint pursuant to 28 U.S.C. § 1915A.

**Should Plaintiff file no amended complaint within 30 days, the Court will enter a final Order dismissing the entire action for the reasons stated herein.**

Date:

cc: Plaintiff, *pro se*
    Defendant
    Calloway County Attorney
4413.009